# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-035V
**(not to be published)**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | Special Master Corcoran |
| CHRYSTAL DERENZO, *parent of* A.S., *a minor*, | * * * | |
| Petitioner, | * * | Filed: January 9, 2018 |
| v. | * * | Decision; Final Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Ronald C. Homer,* Conway, Homer, P.C., Boston, MA, for Petitioner.

*Lara Ann Englund,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS[1]

On January 8, 2016, Chrystal Derenzo filed a petition of behalf of her son, A.S., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that A.S. suffered from uveitis as a result of receiving the meningococcal vaccine on August 8, 2014. The parties ultimately agreed that the issues before them could be informally resolved and submitted a stipulation for damages on July 3, 2017 (ECF No. 32), which I adopted by decision two days later (ECF No. 33).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated December 19, 2017. *See* Motion for Attorney's Fees and Costs, dated Dec. 19, 2017 (ECF No. 42) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $31,714.74 (representing $23,111.80 in attorney's fees, plus $8,602.94 in costs). *Id.* at 1. In accordance with General Order No. 9, Petitioner indicated that he has not incurred any costs related to the matter. ECF No. 45. Respondent filed a document reacting to the fees request on January 2, 2018, stating that she is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion in determining the amount to be awarded. *See* Response, dated Jan. 2, 2018 (ECF No. 44) at 2-3.

For the reasons stated herein, I hereby GRANT IN PART Petitioner's Motion, awarding a total of **$31,314.74** (representing $23,111.80 in attorney fees, and $8,202.94 in costs).

## Procedural and Factual History

This action has been pending for over roughly one year. As the billing invoices submitted in support of the fees application reveal, the Conway Homer firm began working on the matter on January 26, 2015, nearly a year before the case was filed. *See* Tab A. to Fees App. at 2. During that period of time, it appears that Mr. Homer and his associates were performing research, collecting records, and contacting experts. *Id.* That time appears to have been well-spent, as Petitioner filed complete medical records by April 2016, within a few months from the case's initiation. *See* Statement of Completion, filed Apr. 6, 2016 (ECF No. 11). Respondent filed his Rule 4(c) Report on June 6, 2016. *See* Respondent's Rule 4(c) Report, dated June 6, 2016 (ECF No. 13).

Thereafter, the parties began filing expert reports. Petitioner filed an expert report, along with medical literature, from Dr. Frederick Fraunfelder, on August 31, 2016. *See* Ex. 19 (ECF No. 15-1); Exs. 21-29 (ECF Nos. 18-1 to 18-9). Although Respondent contemplated filing a report, none was filed. As noted above, the case subsequently settled.

Significant costs have been incurred in this matter for two categories—expert costs and guardianship costs. The former category amounts to $2,000.00, while the latter is $5,852.92.00. Tab A to Fees App at 40-42; Fees App. at 2. Petitioner obtained Dr. Frederick Fraunfelder to review the case and write an expert report in this matter. Dr. Fraunfelder performed 4.0 hours of work on the case at an hourly rate of $500 per hour for a total of $2,000.00. Fees App. at 2. In addition, the Conway Homer firm obtained the services of two attorneys from Robinson, Boesch, Sennott & Masse, P.A. in Portsmouth, New Hampshire, to establish a guardianship for A.S. during the proceedings related to this matter. Tab A. to Fees App. at 40-42.

2

**Analysis**

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful litigants. Section 15(e). An attorney's reasonable hourly rate is determined by the "forum rule," which bases the award on rates paid to similarly qualified attorneys in the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). The hourly rate ranges for attorneys of different levels of experience who are entitled to the forum rate in Vaccine Program cases are set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[3]

Though Respondent has not lodged an objection to the sum requested, special masters have discretion to determine the reasonableness of a fees award sua sponte. *Sabella v. Sec'y of Health & Human Servs.*, 96 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Here, I find some adjustment to the requested amount is warranted.

Amounts Requested for Petitioner's Attorneys

Petitioner asks that the three attorneys and paralegals from the Conway Homer firm who worked on this matter be reimbursed at varying rates for work performed from 2015-2017. The attorneys from Conway Homer have repeatedly been found to be "in forum" and therefore are entitled to the forum rates established in *McCulloch*. *See McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). This determination is consistent with my own decisions. *See, e.g., Caruso v. Sec'y of Health & Human Servs.*, No. 15-200V, 2017 WL 5381004 (Fed. Cl. Spec. Mstr. Sept. 26, 2017); *Sharifipour v. Sec'y of Health & Human Servs.*, No. 15-669, 2017 WL 2926617 (Fed. Cl. Spec. Mstr. June 6, 2017); *Johnson v. Sec'y of Health & Human Servs.*, No. 14-113V, 2016 WL 5224405 (Fed. Cl. Spec. Mstr. Aug. 19, 2016). Other special masters have awarded forum rates to these attorneys as well. *See, e.g., Cabrera v. Sec'y of Health & Human Servs.,* No. 13-598V, 2017 WL 656303, at *3 (Fed. Cl. Spec. Mstr. Jan. 23, 2017).

---

[3] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claims website. This forum hourly rate fee schedule can be accessed at: http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Hourly Rate Chart").

The hourly rates I awarded in *Caruso* and *Sharifipour* to the attorneys who worked on this matter, as well as their paralegals, are the same as those requested herein, and I will likewise award them. Furthermore, the hours expended on this matter also appear to be reasonable, and Respondent did not identify any entries as objectionable. I will therefore award the requested attorney's fees in full.

Requested Costs

Petitioner also requests costs associated with this matter (including costs associated with obtaining medical records, postage and shipping costs, and photocopy costs). *See* Tab A. to Fees App. (ECF No. 42) at 34-35. These costs appear to be reasonable and will be awarded.

Petitioner also requests expert costs in the amount of $2,000.00 for 4.0 hours of work completed by Dr. Frederick Fraunfelder at a rate of $500 per hour. *Id.* at 35. As his CV indicates. Dr. Fraunfelder is an experienced, and board-certified professor of ophthalmology at the University of Missouri. *See* Ex. 20 ("Fraunfelder CV") (ECF No. 15-2). He received his medical degree from Oregon Health Sciences University, and completed fellowships with the World Health Organization and the Food and Drug Administration. *Id.* at 2. Furthermore, Dr. Fraunfelder has served on the editorial board of numerous medical journals and has published multiple peer-reviewed journal articles in the field of ophthalmology. *Id.* at 3, 5-6.

This appears to be one of Dr. Fraunfelder's first Program cases, and I must balance his level of expertise with his lack of experience in the Program. The requested rate of $500 per hour is at the very top end of hourly rates awarded to highly qualified experts. *See, e.g., Rosof v. Sec'y of Health & Human Servs.*, No. 14-766, 2017 WL 1649802, at *4 (Fed. Cl. Spec. Mstr. Mar. 31, 2017) (noting that awarding $500 per hour for an expert in the Program is very rare). Petitioner argues that a higher rate is justified based on Dr. Fraunfelder's relevant education, training, and experience. *See* Fees App. at 2-6. However, while Dr. Fraunfelder is a qualified expert and his work in this case was helpful, Petitioner has not provided persuasive evidence that Dr. Fraunfelder is entitled to a rate of $500 per hour in light of his lack of experience in the Vaccine Program. Indeed, seasoned Vaccine Program experts are compensated at a lower rate. *See e.g., Carda v. Sec'y of Health & Human Servs.*, No. 14-191, 2017 WL 1709707, at *2 (Fed. Cl. Spec. Mstr. Mar. 23, 2017). I will therefore reduce Dr. Fraunfelder's requested hourly rate to $400 per hour, commensurate with other similarity-experienced experts. *See, e.g., L.M. v. Sec'y of Health & Human Servs.*, No. 14-714V, 2017 WL 5382907, at *4 (Fed. Cl. Spec. Mstr. Sept. 29, 2017) (reducing rate of two-time Program participant expert from $500 to $350 per hour); *DePena v. Sec'y of Health & Human Servs.*, No. 13-675V, 2017 WL 1476240, at *5 (Fed. Cl. Spec. Mstr. Mar. 30, 2017) (reducing rate of first-time Program participant expert from $500 to $325 per hour). This amounts to a total award of $1,600.00 (representing a reduction of $400.00).

Finally, Petitioner requests costs related to establishing a guardianship for A.S. in the amount of $5,852.92.00. *See* Tab A. to Fees App. at 34, 40-42. The stipulation requires that a guardianship to be established within 90 days of entering the stipulation. The billing entries for the guardianship costs in this matter indicate that the guardianship petition was filed at the end of August 2017 and completed mid-November 2017, finalizing the process roughly two and a half months after the stipulation was entered on August 11, 2017. *Id.* at 40-42.

Special masters typically award costs for establishing a guardianship when it is established as a condition of the settlement and/or the judgment in the matter. *See, e.g.*, *Barrett v. Sec'y of Health & Human Servs.*, No. 09-389V, 2014 WL 2505689 (Fed. Cl. Spec. Mstr. May 13, 2014); *Torres v. Sec'y of Health & Human Servs.,* No. 09–867V, 2013 WL 2256136 (Fed. Cl. Spec. Mstr. Apr. 30, 2013); *Cansler v. Sec'y of Health & Human Servs.,* No. 09–596V, 2011 WL 597791 (Fed. Cl. Spec. Mstr. Feb. 2, 2011). In this case, the existence of a proper guardianship was a prerequisite to payment of the stipulation, and therefore was contemplated before entry of judgment. Such costs incurred in direct connection with a stipulation can be reasonably construed as a "proceeding on a petition." *See Gruber v. Sec'y of Health & Human Servs.,* 91 Fed. Cl. 773 (2010); *Barrett*, 2014 WL 2505689, at *5; Section 300aa-15(e)1.

In addition, the costs associated with the guardianship's creation in the present case are both modest and in line with similar costs incurred in other cases. *See, e.g.*, *Glaser v. Sec'y of Health & Human Servs.,* No. 06-764V, 2016 WL 4483022 (Fed. Cl. Spec. Mstr. June 29, 2016) (awarding $8,329.05 for guardianship costs); *Finet v. Sec'y of Health & Human Servs.,* No. 03–348V, 2011 WL 597792, at *3 (Fed. Cl. Spec. Mstr. Jan. 31, 2011) (awarding $7,440.00 for guardianship costs). Furthermore, Respondent did not identify any entries as objectionable. I thus find that the awarding of this category of guardianship-related costs is both sensible and permissible in this case, and I will award the requested costs in full.

### Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Final Attorney's Fees and Costs, and award a total of **$31,314.74 (**representing $23,111.80 in attorney fees, and $8,202.94 in costs**)**, in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Ronald C. Homer, Esq. In the absence of a motion for review filed

pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of this decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.